### JOHN C. WICKS v. M. L. CARLISLE.

(Filed February 5, 1903)

**REAL-ESTATE AGENT ENTITLED TO RECOVER, WHEN—Occupation Tax—Evidence.** Where the evidence is conflicting but reasonably supports the verdict, this court will not disturb the finding of the jury. The city of Guthrie, by ordinance, required the real estate brokers to pay an occupation tax. One Carlisle paid such tax, until the mayor and city council directed the city officers to collect no further taxes from such agents. He still offered to pay his tax, and the collecting officer declined to receive it. Subsequently, he sold a business lot in the city of Guthrie to one Wicks: **Held,** that he is entitled to recover his commission for said sale; that the rule that one who fails to pay an occupation tax cannot recover for his services is enforced for the protection of the taxing power, and that power having refused to receive the tax, Wicks cannot interpose Carlisle's failure to pay such tax to defeat a recovery.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*W. E. Earl,* for plaintiff in error.

*Joseph Wisby* and *Cotteral & Hornor,* for defendant in error.

22—Vol 12

Opinion of the court by

BURWELL, J.: M. L. Carlisle sued John C. Wicks in the district court of Logan county for two hundred dollars, alleged to be due him from the defendant as commission for selling a business lot located in the city of Guthrie. Judgment was rendered for the plaintiff, and the defendant brings the case here on appeal. The evidence clearly establishes that Mr. Wicks authorized the plaintiff to sell the lot for $7,-000, but he testified that before the lot was sold for that sum he told Carlisle that he would not sell for that price; all of which was denied by the plaintiff. The jury, however, having heard all of the evidence and found the issues for the plaintiff, the verdict will not be disturbed by this court.

It is further contended by the appellant that the ordinances of the city of Guthrie where said sale was made, and where said plaintiff carried on his real estate business, required real estate brokers to take out a license before engaging in such business, and that the defendant did not take out such license during the year in which the lot was sold, and therefore cannot recover. Under ordinary circumstances this contention would be correct, but it is not true in this case. The city ceased collecting an occupation tax from the real estate agents, and, while the ordinance requiring it was never repealed, the mayor and city council instructed the city officers to collect no more tax from them. The defendant in error paid the tax as long as the officers would receive it, but when they declined to accept it, as they did, he, of course, could not pay. It was the fault of the city that the tax was not paid, and the rule that one who fails to pay his occupation tax cannot maintain an action for his services is enforced for the

protection of the public or licensing power; and the licensing power having refused to accept the tax, no one else can complain; and when the plaintiff below offered to pay his occupation tax he had a lawful right to continue in his business, and one who dealt with him during such time and received his services is in no position to urge the objection against a recovery therefor. There is no error in the record, and the case is therefore affirmed.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., and Beauchamp, J., absent; all the other Justices concurring.